IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **FERNANDO JOAQUIN PATTERSON,** | : : : | |
| Plaintiff, | : : | |
| VS. | : : | NO. 3:21-CV-00098-CAR-CHW |
| **OFFICER CLINT DIEBALL,** *et al.*, | : : | |
| Defendants. | : : | |
| _____ | : | |

**ORDER**

Presently pending before the Court is a Complaint seeking relief pursuant to 42 U.S.C. § 1983 filed by *pro se* Plaintiff Fernando Joaquin Patterson, an inmate who is currently incarcerated at the Clarke County Jail in Athens, Georgia (ECF No. 1). On October 18, 2021, Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee in the amount of $0.53. Plaintiff was also advised that he should file a renewed motion for leave to proceed *in forma pauperis* if circumstances had changed and he could no longer pay the fee as ordered. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Oct. 18, 2021, ECF No. 4.

The time for compliance has now passed without a response from Plaintiff. The failure to comply with the orders and instructions of the Court is grounds for dismissal. As such, Plaintiff is now **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action

should not be dismissed for his failure to fully and timely comply with the Court's orders and instructions. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to respond.

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 5). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

To reiterate, Plaintiff's motion for appointed counsel (ECF No. 5) is **DENIED**, and Plaintiff must respond and show cause why this lawsuit should not be dismissed within **FOURTEEN (14) DAYS** of the date of this Order.  **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.**  Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address.  There shall be no service of process until further order of the Court.

**SO ORDERED**, this 22nd day of November, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge